# UNITED STATES DISTRICE COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATE OF AMERICA** | : | **CASE NO. 3:09CR011** |
| | : | **JUDGE WALTER H. RICE** |
| **Plaintiff** | : | |
| vs. | : | **DEFENDANT'S SENTENCING MEMORANDUM** |
| | : | |
| **ERIC RANDALL BARKER** | : | |
| | : | |
| **Defendant** | : | |

Now comes the Defendant, Eric Randall Barker, by and through his counsel, and respectfully submits the following Sentencing Memorandum.  The Final Pre-Sentence Investigation Report (PSR) was received by counsel on or about June 13, 2009.  As noted in the PSR, there were no substantive objections or comments, with the exception of counsel's submission U.S.S.G. §3B1.2(b), minor role reductions, may be applicable.  The Probation Officer determined this section would not be applicable and Defendant would simply leave this issue in the hands of the Court without further discussion herein.

However, counsel does believe the factors set forth in18 U.S.C. § 3553(a) must be considered when passing sentence in this cause.  As the Sentencing Guidelines are no longer mandatory and only advisory in nature, Defendant is respectfully requesting the Court to consider a lesser sentence than that recommended in the PSR. The imposition of a sentence less than that computed through the Sentencing Guidelines will still comply with the sentencing principles of punishment and rehabilitation.  Defendant's conduct in this case does not constitute the worst form of the offense nor did his behavior threaten the public safety or law enforcement.  As noted in the PSR, although there was conversation about a drug transaction, no such transaction actually took place (as noted by Defendant's wife, it is not likely Defendant "…would have gone through with it.  He would have been too afraid.").

Defendant's history and characteristics play a significant role in sentence determination in this case.  As a young adult, it is obvious Defendant found himself involved in criminal activity and, as a result, will live with a criminal record for the rest of his life.  Despite that, Defendant was able to continue his education and obtain a Degree in Chiropractics.  He has enjoyed what appears to be a successful career which may, of course, be curtailed because of this case.  Unfortunately, Defendant chose a hobby (motorcycle racing) that led him to where he stands today.  It seems Defendant had sufficient skill to have others notice him and request that he ride their motorcycles in races.  Without trying to malign all who engage in motorcycle racing, Defendant's "new friends" were also involved in illegal activities and Defendant found himself hearing and learning of those activities and, ultimately, making the ill-advised decision that led to the filing of the Information in this case.  Counsel submits, as is also stated by Defendant's wife, Defendant's desire to be liked played a significant part in what transpired herein.  The likelihood of Defendant repeating this conduct is minimal.

Finally, as set forth in the Plea Agreement in ¶6, the government has agreed to "consider" filing a Motion for downward departure.  However, as stated by the Assistant United States Attorney at the time the plea was entered, it is not expected that the government will file such a Motion.  The government is taking the position Defendant did not provide substantial assistance.  It is not for lack of trying-on at least 4 occasions Defendant met the agents involved in the investigation of this matter and proffered what information that he could.  Unfortunately, Defendant was not intimately involved in the actions of the others and the bulk of his knowledge was from hearing what others had to say which, obviously, would not be sufficient for the government to press forward with prosecutions.  Even though the government may not file a Motion, Defendant still wishes the Court to take this into consideration.

In this case, the Court must fashion a sentence that punishes Defendant for his conduct and Defendant understands and accepts that as is evidenced by his comments to the Probation Officer.  Upon completion of whatever sentence is imposed, Defendant must pick up the pieces and re-start his life.  He must also repair the damage he has caused his family.  Defendant simply requests a fair sentence be imposed.

WHEREFORE, Defendant Eric Randall Barker respectfully requests the Court to take the foregoing into consideration at the time sentence is passed in this cause.

Respectfully submitted,

**s/PETER ROSENWALD**
Ohio Bar No. 0008197
Attorney for Eric Randall Barker
114 East Eighth Street
Cincinnati, Ohio 45202
Phone:  (513) 621-2257
Fax:     (513) 621-2525
E-mail:  p.rosenwald@att.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July, 2009, I electronically filed the foregoing Sentencing Memorandum with the Clerk of Courts using the CM/ECF system which will send notification of such filing to all counsel/parties of record.

**/s/ Peter Rosenwald**
Attorney for Eric Randall Barker